# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 27, 2015

## ZACHERIAH L. HOLDEN v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Warren County
### No. F11837      Larry B. Stanley, Jr., Judge

_____

### No. M2015-00433-CCA-R3-PC – Filed December 29, 2015
_____

The petitioner, Zacheriah L. Holden, appeals the denial of his petition for post-conviction relief.  He contends that he received the ineffective assistance of counsel and that his right to due process was violated.  Following our review, we affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Russell S. Mainord, Altamont, Tennessee, for the Appellant, Zacheriah L. Holden.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; and Lisa S. Zavogiannis, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

Based on his role in an accident that killed two victims, the petitioner was convicted of two counts of vehicular homicide; two counts of reckless homicide; five counts of reckless endangerment; two counts of driving under the influence, third offense; leaving the scene of an accident involving death or personal injury; failure to

obey any required traffic-control device; violation of the financial responsibility law; and six counts of aggravated vehicular homicide. *State v. Zacheriah Holden*, No. M2010-00811-CCA-R3-CD, 2013 WL 871326, at *5 (Tenn. Crim. App. Mar. 8, 2013), *perm. app. denied* (Tenn. Aug. 26, 2013). After drinking alcohol all day, the petitioner was driving his vehicle on the evening of July 7, 2008, with his son, his girlfriend, and his girlfriend's son as passengers. *Id.* at *1-2. The petitioner drove through an intersection, striking a vehicle driven by Rayford and Vada Elam, killing Mr. and Mrs. Elam. *Id.* at *2-3. Witnesses to the crash observed that the petitioner's vehicle was traveling at a high rate of speed and that it went through an intersection when a stoplight was red. *Id.* The petitioner fled the scene on foot and flagged down June Jones. *Id.* Shortly thereafter, officers pulled Ms. Jones over and removed the petitioner from the vehicle. *Id.* at *3. Noticing that the petitioner appeared to be intoxicated, Deputy Brad Myers handcuffed the petitioner and placed him in the back of a patrol car. *Id.* at *4. While in handcuffs, the petitioner ran away from the patrol car, and Deputy Myers and other officers pursued the petitioner across a field. *Id.* Deputy Myers apprehended the petitioner after chasing him for about 200 yards. *Id.*

The petitioner was extremely combative when he was apprehended. *Id.* An officer informed the petitioner that he had killed two people in the traffic accident, and the petitioner responded that he "didn't give a f**k." *Id.* Officers returned the petitioner to the patrol car and informed him of his *Miranda* rights, and the petitioner replied, "F**k you." *Id.* Officers returned the petitioner to the scene of the accident, and Trooper Marty Taylor interviewed the petitioner. *Id.* Trooper Taylor asked the petitioner how much he had to drink, and the petitioner answered that he had consumed three to five beers. *Id.* When asked to take field sobriety tests, the petitioner stated that he would not be able to complete them. The tests were administered, and the petitioner failed to successfully complete them. *Id.* Trooper Randy Maynard then transported the petitioner to River Park Hospital. *Id.* at *5. He explained the implied consent form to the petitioner, and the petitioner appeared to understand the form. He also agreed to submit to a blood test. *Id.* On direct appeal, this court affirmed the petitioner's conviction and sentence. *Id.* at *1.

The petitioner subsequently filed a *pro se* petition for post-conviction relief. He raised numerous issues, including a claim that trial counsel was ineffective at trial and on appeal for failing "to submit all relevant circumstances to be considered in pre-trial" motions to suppress his statements and blood sample. He contended that that he was subjected to police coercion and intimidation because he was told that he could not see his son until the interrogation was concluded. The post-conviction court appointed counsel, and counsel filed an amended petition.

At the post-conviction hearing, the petitioner and trial counsel testified.[1] Trial counsel testified that he had been licensed to practice law for thirteen years at the time of the hearing. Trial counsel testified that he filed a motion to suppress the petitioner's "pretrial and/or pre-*Miranda* and post-*Miranda* statements" and a motion to suppress the results of the petitioner's blood test, both of which were denied after hearings. Trial counsel agreed that he raised these issues on the petitioner's direct appeal. Trial counsel testified that the evidence against the petitioner was "overwhelming."

The post-conviction court made oral findings at the conclusion of the hearing and denied the petition. The court found that the issues relating to the petitioner's motion to suppress his statements and blood test were preserved and addressed by this court on direct appeal. The court did not "find any fault on behalf of the trial counsel." In regards to the petitioner's claim that trial counsel failed to raise objections to the petitioner's pre-*Miranda* statements at the time of trial, the court stated, "All I can say to that is that the issue was raised and the court ruled on it and it was preserved and I don't think there was any obligation on the defendant's counsel to re-raise that issue at any other time." In a written order denying the petition, the court reaffirmed its finding that the petitioner's issues regarding his motion to suppress his statements and the seizure of his blood were preserved and addressed by this court. The court also found that "[p]retrial motions were heard and denied by the court in regard to the pre-*Miranda* statements. There is no proof trial counsel was ineffective."

The petitioner filed a timely notice of appeal, and we proceed to consider his claims.

## ANALYSIS

On appeal, the petitioner argues that trial counsel was ineffective for failing to raise objections regarding the petitioner's statement and blood test throughout trial. He contends that this failure "gave weight to the evidence, arguably leading a jury to believe that all sides were in agreement as to the nature and extent of the evidence." He argues that objections during the trial may have resulted in the evidence being excluded. He also again raises the issue of his pre-*Miranda* statement, arguing that he was in custody at the time. He also contends that the blood draw procedure violated his Fourth Amendment rights.

---

[1] The petitioner's testimony only addressed the issue of his decision not to testify at trial, an issue that was not raised in his petition or raised on appeal. We limit our summary of the post-conviction hearing to include only the testimony germane to the issues on appeal.

3

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2010). The petitioner bears the burden of proving the allegations of fact giving rise to the claim by clear and convincing evidence. *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). This court generally defers "to a post-conviction court's findings with respect to witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence." *Mobley v. State*, 397 S.W.3d 70, 80 (Tenn. 2013). Claims for post-conviction relief premised on ineffective assistance of counsel present mixed questions of law and fact, which this court reviews de novo with no presumption of correctness. *Id.*

Both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee the right to counsel. This right affords an individual representation that is "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the petitioner to the degree that the petitioner did not receive a fair trial. *Strickland*, 466 U.S. at 687. A petitioner satisfies the deficiency prong of the test by showing that counsel's representation fell below an objective standard of reasonableness; that is, "the services rendered or the advice given must have been below 'the range of competence demanded of attorneys in criminal cases.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Baxter*, 523 S.W.2d at 936); *see Strickland*, 466 U.S. at 687. The petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Courts evaluating the performance of an attorney "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). In order to fairly assess counsel's conduct, every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "The fact that a particular strategy or tactic failed or hurt the defense, does not,

4

standing alone, establish unreasonable representation." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996).

Prejudice requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either deficiency or prejudice, post-conviction relief is not appropriate, and this court need not address both components if the petitioner makes an insufficient showing as to one component. *Grindstaff*, 297 S.W.3d at 216 (citing *Goad*, 938 S.W.2d at 370).

The petitioner argues that counsel was ineffective for failing to object at trial to the admissibility of evidence relating to his statement and his blood test after his motions to suppress this evidence were denied. Trial counsel testified that he filed motions to suppress both the petitioner's statement and the results of his blood alcohol test. The post-conviction court found that trial counsel had no obligation to raise the issue again at trial after adequately preserving the issue for appeal by raising both of these issues in pretrial motions that were denied. On direct appeal, this court concluded that both the petitioner's statement and blood alcohol test were properly admitted. *Zacheriah Holden*, 2013 WL 871326, at *10-11. Because the evidence was admissible, any objection at trial would have been unsuccessful, and it is not deficient performance for trial counsel to fail to make a meritless objection. We conclude that the petitioner is not entitled to any relief.

The petitioner argues that he was interrogated by officers prior to being read his *Miranda* rights and that the admission of these pre-*Miranda* statements violated his right to due process. Trial counsel testified that he filed a pretrial motion to suppress the petitioner's statements, and the post-conviction court found that a motion to suppress the petitioner's pre-*Miranda* statements was heard and denied by the trial court. The petitioner did not include a transcript of this hearing or the trial court's findings of fact in the appellate record. It is the duty of the petitioner to prepare a record that conveys a "fair, accurate, and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). As nothing in the record preponderates against the post-conviction court's finding, we conclude that the petitioner is not entitled to any relief.

The petitioner also argues that because his consent for the blood draw was coerced, the taking of his blood violated the Fourth Amendment. The petitioner raised the issue of his consent on direct appeal, arguing that he was too intoxicated to consent.

5

This court rejected that argument, affirming the trial court's finding that despite the petitioner's intoxication, "he was able to understand his rights and knowingly and voluntarily waive them." *Zacheriah Holden*, 2013 WL 871326, at \*11. To the extent that the petitioner now advances a different theory as to why he did not consent to the blood test, this argument could have been raised on direct appeal and was not. As a result, the petitioner has waived this issue. T.C.A. § 40-30-106(g) (stating that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless" the claim is premised on a retroactive constitutional right that did not exist at the time of trial or the claim was not raised as a result of state action that violated the Constitution). Further, to the extent that the petitioner may be attempting to argue that trial counsel was ineffective for failing to raise this theory, that argument is also waived. The petitioner did not pursue this argument at the post-conviction hearing or in this appeal, and he did not present any evidence to support his claim. We conclude that the petitioner is not entitled to any relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE